## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Stanley Wagner,                                                    Civ. No. 20-2287 (JWB/JFD)

      Plaintiff,

v.                                                                    **ORDER DENYING**
                                                                   **SUMMARY JUDGMENT**

Weatherby, Inc.,
*a Foreign Corporation*,

      Defendant.

Stephen Douglas Gabrielson, Esq., Gabrielson Law Offices, Ltd., counsel for Plaintiff.

Craig A. Livingston, Esq., Livingston Law Firm; George W. Soule, Esq., Kevin P. Curry, Esq., Melissa R. Stull, Esq., Soule & Stull LLC, counsel for Defendant.

Plaintiff Stanley Wagner suffered a shotgun blast to his face when he fell during a hunting trip, despite the gun's safety being engaged. Mr. Wagner sued shotgun manufacturer and seller Weatherby, Inc. ("Weatherby") for negligence, breach of express warranty, and strict liability, alleging the gun was defective and unreasonably dangerous when manufactured and sold. Weatherby's motion for summary judgment was heard on April 3, 2023. (Doc. No. 72.) It is granted only for the express warranty claim, which Mr. Wagner confirmed he is no longer pursuing.

Summary judgment requires no genuine dispute of material fact and the moving party's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). Courts consider the evidence in the light most favorable to the nonmoving party, drawing reasonable inferences for them. *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014). A plaintiff pursuing a strict liability claim must prove the defendant's product

was defective, the defect existed when leaving the defendant's control, and the defect proximately caused their injury. *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 623 n.3 (Minn. 1984). The parties here have conflicting positions, each supported by expert opinion, on whether a defect in the shotgun's internal firing mechanism existed when the gun left Weatherby's control. Viewing the evidence in the light most favorable to Mr. Wagner, Weatherby's motion for summary judgment is denied on the strict liability claim.

Weatherby's primary assumption-of-risk argument for dismissing Mr. Wagner's claims is also unsuccessful. The doctrine necessitates actual knowledge of a known risk, and whether a party assumed the risk is typically a jury question. *Reimer v. City of Crookston*, 326 F.3d 957, 966 (8th Cir. 2003). Weatherby claims Mr. Wagner assumed the risk of injury due to his knowledge of the shotgun's "doubling" malfunction. However, this risk differs from those associated with the gun's safety features. A jury could find that based on Mr. Wagner's knowledge at the time, the risk of being shot when falling with the safety on was neither apparent nor foreseeable. Consequently, Weatherby's motion for summary judgment based on primary assumption of the risk is denied.

## ORDER

**IT IS HEREBY ORDERED** that Defendant Weatherby, Inc.'s Motion for Summary Judgment (Doc. No. 48) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's express warranty claim is dismissed. The motion is otherwise denied.

Dated:  April 4, 2023                                  *s/ Jerry W. Blackwell*
                                                                JERRY W. BLACKWELL
                                                                United States District Court Judge

2